IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BRENDA A. MOORE,

    Plaintiff,

vs.                                     No. 2:15-cv-02361-JPM-dkv

MEGAN J. BRENNAN,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,
AND DON CARTWRIGHT,

    Defendant.

_____

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

_____

On May 27, 2015, the plaintiff, Brenda A. Moore ("Moore"), filed a *pro se* complaint, against the United States Postmaster General, Megan J. Brennan, and the Postmaster of Jackson, Tennessee, Don Cartwright, (collectively "the Defendants"), alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. (Compl., ECF No. 1.) Moore filed an amended complaint on November 6, 2015. (ECF No. 11.) The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Now before the court is the December 17, 2015 motion of the Defendants, to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (ECF No. 12.) For the reasons that follow, the court recommends that the motion to dismiss be granted and Moore's complaint be dismissed for failure to state a claim on which relief can be granted.

I. PROPOSED FINDINGS OF FACT

In the amended complaint, Moore alleges that she was discriminated against based on race, African American. (Am. Compl. ¶ 1, ECF No. 11.) Moore alleges that after passing her supervisor test, she was promoted to Customer Service Supervisor. (*Id.* ¶ 19.) Further, Moore alleges that Cartwright rescinded her promotion on September 22, 2008, and he "replace[d her] . . . with a white male." (*Id.* ¶ 8-9; EEOC Decision 1, ECF No. 1-1.)[1] According to Moore, Cartwright was aware that the Tennessee Post Office was under scrutiny for having black supervisors and that threatening letters were being sent to African American supervisors. (*Id.* ¶ 13.) Moore alleges that she was not told that her promotion was contingent on a sixteen

---

[1] Moore attached the EEOC letter to her original complaint but did not attach it to her amended complaint. Although under Rule 17 the amended complaint supersedes the original complaint, due to Moore's *pro se* status, this court will consider the attachments to the original complaint.

2

week supervisor training program and that "the Tennessee District has since hired supervisors without [requiring] the completion of the [] training program." (*Id.* ¶ 19, 21.) Moore further alleges that whereas she has been an employee of the United States Postal Service for twenty years and nine months, has been acting in a supervisor capacity for at least five years, and has a two-year degree in computer accounting and a four-year bachelor's degree in finance, other employees have been promoted to the supervisor position without experience or education. (*Id.* ¶ 22.)

For relief, Moore requests equitable or injunctive relief damages in the amount of $150,000 including interest and a promotion to supervisor position. (*Id.* 3.)

The attached EEOC decision indicates that on July 2, 2014, Moore contacted an EEO officer to resolve her concerns. (EEOC Decision ¶ 1; ECF No. 1-1.) On September 5, 2014, Moore filed a formal charge with the United States Postal Service (Southeast Area) Agency ("Agency"). (*Id.*) On September 22, 2014, the Agency dismissed her complaint of unlawful employment discrimination for untimely EEO Counselor contact pursuant to 29 C.F.R. § 1614.107(a)(2). (*Id.*) Moore filed a timely appeal with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) On February 23, 2015, the EEOC affirmed the Agency's

decision. (*Id.* ¶ 4.) Thereafter, Moore filed the instant Title VII complaint in the United States District court for the Western District of Tennessee on May 27, 2015. (Compl., ECF No. 1.)

On September 21, 2015 the court granted leave to Moore to serve all defendants by November 15, 2015. (ECF No. 6.) On October 16, 2015, summons were issued to the Defendants. (ECF Nos. 7-8.) On November 6, 2015, the summons to Brennan was returned executed (ECF No. 10), and the summons to Cartwright was returned unexecuted. (ECF No. 9.)

II. PROPOSED CONCLUSIONS OF LAW

A. Standard of Review for Failure to State a Claim

In assessing whether Moore's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the]

4

plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks

omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  <u>Failure to Exhaust Administrative Remedies</u>

"Exhaustion of administrative requirements is a precondition to filing a Title VII suit." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008)(citations omitted). Discrimination complaints brought by federal employees against their employer are governed by the Federal Sector Equal Employment Opportunity ("EEO") process, 24 C.F.R. Part 1614.

The EEOC is the agency charged with implementing and enforcing the EEO process. 42 U.S.C. § 2000e-16.

Under 29 C.F.R. § 1614.105(a), "[a]ggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." The "aggrieved person must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* § 1614.105(a)(1). The Sixth Circuit has interpreted this to mean that the limitations period begins to run when the adverse employment decision is communicated to the plaintiff. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 498-500 (6th Cir. 2001); *EEOC v. United Parcel Serv., Inc.*, 249 F.3d 557, 561–62 (6th Cir. 2001) (per curiam) ("[T]he United States Supreme Court has held that the limitations period does not begin to run on a claim for employment discrimination until an employer makes and communicates a final decision to the employee.") A complainant must meet this and other timing requirements in order to sue under Title VII. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991).

If the complainant makes timely contact with an EEO Counselor and if the matter is not resolved, "the aggrieved person shall be informed in writing by the Counselor, not later than the thirtieth day after contacting the Counselor, of the right to file a discrimination complaint." 29 C.F.R. § 1614.105(d). The complainant has the "right to file a discrimination complaint within 15 days of receipt of the notice." *Id.* Once a formal complaint has been filed, there is an investigation and a final agency decision. 29 C.F.R. §§ 1614.106 through 1614.110. Upon receiving the agency's final decision, the complainant can elect to either pursue a federal civil action within 90 days of the receipt of the agency's final decision, *Id.* § 407(a), or appeal to the EEOC's Office of Federal Operations within thirty days of receipt of the agency's final decision, *Id.* § 1614.402(a).

Here, Moore did not contact the EEO Counselor within 45 days of the alleged discriminatory event. According to Moore, the discriminatory event — the cancellation of her promotion — occurred on September 22, 2008. (EEOC Decision ¶ 1, ECF No. 1-1.) The 45-day time period expired on November 6, 2008. Moore contacted the EEO Counselor on July 2, 2014, more than five years later. *Id.* Therefore, Moore did not timely contact the EEO Counselor and the court recommends dismissal of the Title

8

VII claim for failure to exhaust administrative remedies. *See Dixon v. Gonzales*, 481 F.3d 324 (6th Cir. 2007)("A district court may dismiss a case where a plaintiff has failed to comply with [the forty-five day] requirement."); *Benford*, 943 F.2d at 612 (affirming district court's dismissal of complaint for failure to exhaust administrative remedies because the complainant failed to contact the EEO Counselor within the statutory time period); *Brown v. Donahoe*, No. 12-3086, 2014 WL 652277, at *8-9 (W.D. Tenn. Feb. 19, 2014)(dismissing a complaint on the ground of failure to exhaust administrative remedies because the complainant failed to contact an EEO Counselor in the 45-day time period).

C. <u>Moore's Claims Against Cartwright</u>

Moore fails to state a claim against Cartwright under Title VII. "[T]he head of the department, agency, or unit, as appropriate, shall be the defendant" in any Title VII action against the federal government. 42 U.S.C.A. 2000e-16(c). Cartwright is Moore's supervisor and there is no remedy under Title VII against a coworker or supervisor in his or her individual capacity. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Therefore, the court recommends dismissal of the Title VII claim against Cartwright, pursuant to 12(b)(6), for failure to state a claim upon which relief may be granted.

9

D.   Sufficiency of Service

Service of a summons and complaint against the United States and its agencies, corporations, officers, or employees in federal court is governed by Rule 4(i) of the Federal Rules of Civil Procedure.  Rule 4(i) requires that the plaintiff deliver a copy of summons and complaint on the Attorney General of the United States, the United States Attorney for the district in which the action is brought, and the United States Agency.  Here, the summons to Cartwright was returned unexecuted; thus, he was not properly served under Rule 4(i).  (*See* ECF No. 9.)  It is unclear whether service was proper as to Brennan.  In the motion to dismiss, Brennan maintains that Moore failed to serve summons on the United States Attorney General as required by Rule 4(i)(1)(B).  (Defs. Mot. to Dismiss 3, ECF No. 12)  However, Moore attached a certified mail receipt that indicates that the Attorney General was served.  (ECF 10.)  Nevertheless, because the court recommends dismissal for failure to state a claim, it is not necessary to address this issue.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Defendants' motion to dismiss be granted and that plaintiff's complaint be dismissed for failure to exhaust administrative remedies.

Respectfully submitted this 10th day of February, 2016.


s/ Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.