**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| BRENDA A. MOORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | )    No. 2:15-cv-02361-JPM-dkv |
| MEGAN J. BRENNAN, Postmaster | ) |
| General, United States Postal | ) |
| Service, and DON CARTWRIGHT, | ) |
| | ) |
|     Defendants. | ) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION:
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
AND DISMISSING DON CARTWRIGHT AS A PARTY DEFENDANT**

Before the Court is the Report and Recommendation of

Magistrate Judge DIANE K. VESCOVO (the "Report and

Recommendation"), issued February 10, 2016 (ECF No. 13),

recommending that the Court dismiss Plaintiff Brenda A. Moore's

amended complaint for failure to exhaust administrative

remedies.  Objections to the Report and Recommendation were

required to be filed on or before February 24, 2016.  See Fed.

R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a)(1), (d).

Plaintiff filed an untimely objection on February 25, 2016.

(ECF No. 14.)[1]  Defendant Brennan responded to Plaintiff's

---

[1] Although Plaintiff's objection is postmarked February 24, 2016, (see
ECF No. 14-1), "Plaintiff is not a prisoner, so the 'mailbox rule' of Houston
(cont.)

objection on March 4, 2016.  (ECF No. 15.)

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.  Although the Court need not consider Plaintiff's objection to the Report and Recommendation, the Court nevertheless will review de novo the parts of the Report and Recommendation to which Plaintiff objects.  See 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).

In her amended complaint, filed November 6, 2015, Plaintiff alleges that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964, when they failed to promote her on the basis of her race.  (ECF No. 11 ¶¶ 1, 6-9, 11-14.)  On December 17, 2015, Defendants filed a motion to dismiss the amended complaint and to dismiss Don Cartwright as a party defendant.  (ECF No. 12.)

The magistrate judge determined that Plaintiff had failed to state a claim against Cartwright, who could not be liable under Title VII in his individual capacity.  (ECF No. 13 at 9.) Plaintiff did not object to Cartwright's dismissal.  (ECF No. 14

---

(cont.)
v. Lack," does not apply.  Watkins v. Univ. of Memphis Campus Police Servs., No. 15-2006-JDT-dkv, 2015 WL 808483, at *1 n.1 (W.D. Tenn. Feb. 25, 2015). Thus, the date of receipt by the Court, and not the date of the postmark, is the relevant date.  As such, the objection is untimely.

at 3-4 ("Plaintiff motions the dismissal of Don Cartwright.").)

Thus, the Court adopts the Magistrate Judge's recommendation

that Don Cartwright be dismissed as a party defendant.

The magistrate judge also determined that Plaintiff had

failed to exhaust administrative remedies.  (ECF No. 13 at 6-9.)[2]

According to the EEOC Decision filed with Plaintiff's complaint,

Plaintiff's promotion was cancelled on September 22, 2008.  (ECF

No. 1-1 at PageID 7.)  To comply with EEOC regulations,

Plaintiff needed to contact an EEO Counselor within forty-five

(45) days of the adverse employment decision.  See 29 C.F.R. §

1614.105(a)(1).  Plaintiff, however, did not initiate contact

with an EEO Counselor until July 2, 2014, over five years after

the cancellation of her promotion.  (ECF No. 1-1 at PageID 7.)

The magistrate judge, therefore, recommended that Defendants'

motion to dismiss be granted.  (ECF No. 13 at 10.)

Plaintiff asserts in her objection to the Report and

Recommendation that she "initiated contact with [the] EEO

[Counselor] when she became aware her position as a Customer

Service Supervisor was replaced by a white male."  (ECF No. 14

at 3.)  She asserts that during the intervening years between

the cancellation of her promotion and her contact with the EEO

---

[2] The magistrate judge noted that there may have been improper service
of a summons and complaint, but did not address the issue since dismissal of
the complaint had been recommended.  (ECF No. 13 at 10.)

Counselor, she contacted several individuals about her promotion but that the individuals were either not responsive or not able to provide her with the appropriate information. (Id.)

Since the forty-five day requirement "is a prerequisite to filing suit and not a jurisdictional requirement, it is subject to equitable tolling, waiver, and estoppel." Dixon v. Gonzales, 481 F.3d 324, 330 (6th Cir. 2007). The factors relevant to whether tolling should be allowed are: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." Id. at 331. Plaintiff, however, has not alleged facts that support equitable tolling of the limitations period; for example, she does not assert a lack of knowledge of the legal requirement. Plaintiff even asserts that in 2010, she "spoke with [a] white male (Jason), who said he was the Customer Service Supervisor." (ECF No. 14 at 3.) Thus, because she did not contact an EEO Counselor until approximately four years after learning that a white male had taken the position to which her promotion had been cancelled, she cannot be said to have diligently pursued her rights. See Amini v. Oberlin College, 259 F.3d 493, 501 (6th Cir. 2001) (finding that

the plaintiff did not act with the requisite diligence after

learning whom the defendant had hired instead of the plaintiff).

The five factors,[3] therefore, do not weigh in favor of granting

Plaintiff equitable tolling relief.  The Court adopts the

Magistrate Judge's recommendation that Defendants' motion to

dismiss be granted for failure to exhaust administrative

remedies.

Plaintiff also asserts in her objection that the amended

complaint should not be dismissed for insufficient service of

process.  According to Defendants, "the Clerk of Court has not

issued a summons for the amended complaint nor has the amended

complaint been served in accordance with Rule 4(i)."  (ECF No.

12 at 3.)  Plaintiff states that she "filed an amended complaint

before serving Defendants, United States Attorney, and the

Attorney General of the United States."  (ECF No. 14 at 2.)  The

record, however, does not support Plaintiff's assertion.  The

certified return receipts from the United States Attorney's

office and the Attorney General's office are dated October 2015.

(See ECF No. 10 at PageID 29.)  Plaintiff did not file her

amended complaint until November 6, 2015.  (See ECF No. 11.)  It

---

[3] Neither party asserts facts that relate to the prejudice factor, but even though granting Plaintiff equitable tolling relief may not prejudice Defendants, "the Supreme Court has held that this factor alone is not a sufficient basis for allowing equitable tolling relief."  Amini, 259 F.3d at 501.

is unclear whether Plaintiff served a then-unfiled amended
complaint on Defendants or whether she has failed to prove
service of the amended complaint.  Regardless of the sufficiency
of service, however, the Court's finding that Plaintiff failed
to exhaust administrative remedies justifies dismissal of the
amended complaint.

The Court hereby ADOPTS the Report and Recommendation in
its entirety.  Accordingly, the Court ADOPTS the Magistrate
Judge's Report and Recommendation and DISMISSES Moore's amended
complaint in its entirety and DISMISSES Don Cartwright as a
party defendant.

**IT IS SO ORDERED,** this 16th day of March, 2016.


/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE